## CHARLES M. BILLINGS v. THE STATE.

### No. 7137.   Decided November 22, 1922.

**1.—Malicious Mischief—Killing Dog—Statutes Construed—Information.**

The assumption that Article 1231, P. C. 1911, is superseded by Article 1231 as copied in Vernon's Texas Criminal Statutes is not sustained, neither is there any repeal of said article of the Penal Code, and the complaint that defendant did then and there· wilfully and wantonly kill one domesticated animal, to-wit, one dog, and the information based thereon was sufficient.

**2.—Same—Punishment—Criminal Procedure.**

Where the only fault in the judgment of conviction is that the punishment is less than the minimum fixed by the article mentioned is not an error of which under the present procedure defendant can take advantage, it being manifestly in his favor, and there is no reversible error. Following Beasley, 84 Texas Crim. Rep., 491.

Appeal from the County Court of Tarrant.  Tried below before the Hon. P. W. Seward.

Appeal from wilfully and wantonly killing a dog; penalty; a fine of one dollar.

The opinion states the case.

*H. S. Lattimore,* for appellant.

*R. G. Storey* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The appellant was convicted of unlawfully killing a dog—punishment fixed at a fine of one dollar.

The charging part of the information reads thus:

"  . . .  that Charles M. Billings  . . .  heretofore, on the 28th day of March, A. D., 1922, in the County of Tarrant and State aforesaid, did then and there wilfully and wantonly kill one domesticated animal, to-wit: one dog."

The sufficiency of the information is assailed, appellant insisting that it cannot be sustained under Article 1230 of the Penal Code because there is no averment that the animal was killed with the intent to injure the owner, and that inasmuch as it uses the terms "wilfully· and wantonly" instead of "needlessly," it does not charge the offense described in Article 1231 of Vernon's Texas Crim. Stat., Vol. 1, p. 752.   In both of these particulars the appellant may be right, but there is found in the Penal Code of 1911, Article 1231, which reads thus:

"If any person shall wilfully or wantonly kill, maim, wound, disfigure, poison or cruelly and unmercifully beat or abuse any horse,

ass, mule, cattle, sheep, goat, swine, dog or other domesticated animal, or any domesticated bird, he shall be fined not less than five nor more than one hundred dollars.''

The assumption that this article was superseded by Article 1231 as copied in Vernon's Texas Crim. Statutes, *supra,* we think it not sustained. The article in Vernon's Statutes is Section 1, of Chapter 88, Acts of 1913. That chapter makes no reference to the article quoted from the Penal Code of 1911; it does not purport to amend that article nor to repeal it; nor is it in conflict with it, in our judgment, so as to bring about its repeal by implication.

The complaint and information charges an offense under Article 1231 of the Penal Code of 1911 and the conviction must be referred to that law.

The only fault that we discern in the judgment is that the punishment is less than the minimum fixed by the article mentioned. Formerely a mistake in the penalty as given in the charge of the court to the jury vitiated the judgment. White's Texas Code of Crim. Proc., p. 538, sec. 819, and cases therein listed. A change in the statute resulted in a modification of the rule so that to work a reversal, the mistake in the penalty must be such as would result in an injury to the accused. Manning v. State, 46 Texas Crim. Rep., 328; Girder v. State, 82 Texas Crim. Rep., 125; Thompson v. State, 91 Texas Crim. Rep., 234, 237 S. W. Rep., 928.

The appellant was charged by proper complaint and information in a court of competent jurisdiction and upon a trial regularly had, was convicted of the offense denounced by Article 1231 of the Penal Code of 1911. He has not complained of the fact that the penalty was too low, either in the court below or here, and we are inclined to the opinion that the error committed being manifestly in his favor, it is one of which he cannot take advantage. The judgment entered would avail him as a bar to another prosecution. Beasley v. State, 84 Texas Crim. Rep., 491.

We regard the affirmance of the judgment the proper disposition of the appeal, and it is so ordered.

*Affirmed.*