**Ex parte *George R.* BENFIELD.**

**No. 40158.**

Court of Criminal Appeals of Texas.

March 1, 1967.

On Rehearing Sept. 14, 1967.

George R. Benfield, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The petition for writ of habeas corpus presented to this Court by an inmate of the Texas Department of Corrections seeks re-

lief from confinement under sentence in Cause No. 10,869 in the District Court of Bowie County.

The judgment, copy of which is attached to the petition, shows that upon his plea of guilty before the court to the indictment alleging the breaking and entry of an automobile for the purpose of committing theft, the court assessed petitioner's punishment at five years in the penitentiary. The sentence ordered appellant confined for not less than one day nor more than five years.

■ The punishment provided by statute for the offense to which petitioner pleaded guilty is confinement in the state penitentiary "for a term of not more than three (3) years." (Art. 1404b, Sec. 1, Vernon's Ann.P.C.) The trial judge was without authority to assess a punishment of more than three years confinement in the penitentiary. ·

■ Had the conviction been appealed, this Court would have reversed and remanded for a new trial. Reid v. State, 171 Tex.Cr.R. 678, 353 S.W.2d 225; Collins v. State, 127 S.W.2d 451, and cases cited; Washington v. State, 136 Tex.Cr.R. 600, 193 S.W.2d 531, and cases cited; Garcia v. State, 138 Tex.Cr.R. 180, 135 S.W.2d 107; Ruffin v. State, 138 Tex.Cr.R. 83, 134 S.W.2d 293; Erisman's Manual of Reversible Errors, Section 553.

■ Had the petitioner made his attack upon the five year sentence after being entitled to credit for the maximum term of three years, this Court would grant the petition for writ of habeas corpus and order his discharge.

■ Another rule requires that the minimum term that could have been assessed be served before the conviction may be attacked by habeas corpus as excessive and void only as to the excess over the minimum. Ex parte Erwin, 145 Tex.Cr.R. 504, 170 S.W.2d 226; Ex parte Webb, Tex. Cr.App., 374 S.W.2d 675; see also Ex parte Melvin Carl Davis, Tex.Cr.App., 412 S.W.2d 363 Opinion on Rehearing dated February 15, 1967. Such rule is not applicable in the case before us because the legislature has provided no minimum punishment for breaking and entering a motor vehicle for the purpose of committing theft, and no part of the conviction is valid.

It is true that under similar statutes providing no minimum punishment, this Court has attempted to apply the indeterminate sentence law. (Art. 42.09 Vernon's Ann. C.C.P.1965, formerly Art. 775 V.A.C.C.P.)

In Rowe v. State, 120 Tex.Cr.R. 246, 46 S.W.2d 1117, a sentence for one year was reformed so as to direct imprisonment not exceeding one year. In Slone v. State, 121 Tex.Cr.R. 632, 50 S.W.2d 301, a sentence for eighteen months was reformed to read "for an indeterminate period of not more than eighteen months."

In Davis v. State, 125 Tex.Cr.R. 330, 68 S.W.2d 217, sentence for one year was reformed so as to direct confinement in the penitentiary for not less than one hour nor more than one year.

This form of sentence was explained by Judge Hawkins in the Davis case:

"We are at some loss under the circumstances to know how the Indeterminate Sentence Law (Article 775, C.C.P., as amended by Acts 1931, c. 207, § 1 * . * *) should be given effect. It is certain that the jury might fix the punishment at one day or even one hour in the penitentiary. It will perhaps answer for all practical purposes to reform the sentence to read that appellant should be confined in the penitentiary for not less than one hour nor more than one year."

The form suggested by Judge Hawkins has been since used and was employed in the sentence here under attack.

■ The use of such form may not be construed as a holding by this Court that the legislature has provided a minimum

punishment where it has not, or that this Court has attempted to provide a minimum punishment where the legislature has not.

 Petitioner is entitled to release from further confinement under the conviction with punishment assessed at five years, but the conviction being void rather than merely excessive, the state is not precluded from trying him again.

If the petitioner fears that he will be re-tried and, in event of conviction, will not be allowed credit for the time he has been confined under the charge of breaking and entering a motor vehicle, he may prefer to move for a rehearing and postpone his attack upon the five year sentence until he has served the maximum term of three years.

The petition for writ of habeas corpus is granted. Petitioner is ordered released from further confinement under the conviction with punishment assessed at five years and remanded to the custody of the Sheriff of Bowie County to answer the indictment in said Cause No. 10,869.

## ON REHEARING

ONION, Judge.

In the Court's original opinion, Judge Woodley said in part:

"If the petitioner fears that he will be re-tried and, in event of conviction, will not be allowed credit for the time he has been confined under the charge of breaking and entering a motor vehicle, he may prefer to move for a rehearing and postpone his attack upon the five year sentence until he has served the maximum term of three years."

Following such suggestion, the petitioner has postponed his attack upon his five year conviction until this date. The record has now been made to reflect that the petitioner, who was convicted under the name of George Benefield in the District Court of Bowie County, has credit for the maximum

term of three years, and he is entitled to be released from the Texas Department of Corrections.

It is so ordered.