Melvin SMITH, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43762.

Court of Criminal Appeals of Texas.

June 2, 1971.

Rehearing Denied July 14, 1971.

Clyde Gordon, Jr., Houston, for appellant.

D. Brooks Cofer, Jr., Dist. Atty., Bryan, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault; the jury assessed the punishment at 30 years.

The evidence, viewed most favorably to the jury's verdict, reflects that at approximately 4:30 p. m., on the afternoon of February 4, 1969 two men robbed Joe Shaffer, owner and manager of Redmond Terrace Drugs in College Station. The two men came in the store briefly and looked at some merchandise. A few minutes later they returned and one of them laid a gun on the counter and reached over and started getting the money out of the cash register, stuffing the money in his pocket. He said, "Give me the quarters."

Shaffer gave him all the quarters and he stuffed them in his pocket. The man said, "Give me the dimes." Shaffer gave him the dimes and the man pointed the gun at him and said, "I am going to kill you." He pulled the trigger and shot one time and hit Shaffer in the chest. In all, $229.19 was taken out of the cash register.

Lanell Manley testified that on the day in question she, the appellant, Mary Johnson, Clarence Jones, Carl McDonald, and Billy Brown, drove from Houston to College Station. They went to the house of Ada Mae Watson, the grandmother of the appellant. The men had been talking about the drugstore in question. The men left the house shortly after they arrived there and were gone about 35 minutes. When the men returned, Brown told Lanell that, "A man got shot." Later, they all left in a blue Mustang owned by Carl McDonald.

Later in the day, those six people plus Mrs. Brown were arrested when they were seen riding in the blue Mustang. Photographs were immediately taken of subjects. Pictures of the appellant and Jones were introduced into evidence. The photographs were identified as being pictures of the robbers by Helen Akers, Ruby Withers and Shaffer. Shaffer also directly identified the appellant as the robber who threatened and shot him.

The appellant's first ground of error is as follows:

"Charge of the court did not corroborate the indictment and/or in failure of the trial court to so submit to the jury, the trial court committed reversible error."

The appellant's second ground of error is as follows:

"The trial court improperly failed to instruct the jury on the law of the offenses charged by the court and/or in so doing the jury returned a verdict other than the offense charged by the court, and this is fundamental error."

The appellant's fifth ground of error is as follows:

"The penalty is excessive and not supported by the evidence because of the trial courts failure to properly instruct the jury, permitting the jury to draw an inference of appellant's guilt."

Article 40.09, Sec. 9 provides in part, as follows:

"* * * This brief shall set forth separately each ground of error of which defendant desires to complain on appeal and may set forth such arguments as he deems appropriate. Each ground of error shall briefly refer to that part of the ruling of the trial court, charge given to the jury, or charge refused, admission or rejection of evidence or other proceedings which are designated to be complained of in such way as that *the point of objection can be clearly identified and understood by the court.* If the defendant includes in his brief arguments supporting a particular ground of error they shall be construed with it in determining what point of objection is sought to be presented by such ground of error; and if the court, upon consideration of such ground of error in the light of arguments made in support thereof in the brief, can identify and understand such point of objection the same shall be reviewed notwithstanding any generality, vagueness or other technical defect that may exist in the language employed to set forth such ground of error." (Emphasis added)

■ The appellant's first, second and fifth grounds of error do not qualify as proper grounds of error under Art. 40.09. The grounds are duplicitous and confusing, and a reading of the rest of the brief in conjunction with them does nothing to clarify them. A consideration of these grounds would require the court to hunt through the record in an attempt to find and understand what the appellant is claiming constituted error. See: McElroy v. State, Tex.Cr.App., 455 S.W.2d 223. These grounds of error are insufficient under Art. 40.09, Vernon's Ann.Code of Criminal Procedure. See: Linton v. State, Tex.Cr.App., 452 S.W.2d 494; Erwin v. State, Tex.Cr. App., 463 S.W.2d 13; Pyeatt v. State, Tex. Cr.App., 462 S.W.2d 952.

The appellant's first, second, and fifth grounds of error are overruled.

■ In his third ground of error, the appellant complains that "the trial court erred in not overruling the jury's verdict (robbery by firearms) where the state failed to prove any weapon." [1]

As to the sufficiency of the evidence to prove that a firearm was used, the complaining witness Shaffer clearly testified that in the course of the robbery the two men approached him and pulled a gun and laid it on top of the candy counter. He also testified that after giving the two robbers the money, one of them pulled the trigger of the gun and shot him in the chest. Thus, the state sufficiently proved that a firearm was used in the robbery.

The appellant's fourth ground of error is as follows:

"The evidence is insufficient to support the verdict and fails to prove the charge of the trial court, the verdict of the jury, and/or the alleged offenses of the indictment."

---

1. The record reflects that although the appellant was indicted for the offense of robbery by assault with a firearm, the court charged the jury upon the offense of robbery by assault. The jury verdict reflects that the appellant was found guilty of robbery with the use of and by exhibiting a firearm. (The record fails to show that the appellant ever objected to the submission of this form to the jury or objected to the receipt of the verdict in this form.) In this ground of error, the appellant apparently is complaining about the sufficiency of the evidence to sustain the jury verdict of robbery with firearms and is not complaining about the verdict itself in view of the charge.

In view of the evidence adduced at the trial and already discussed, we hold the evidence is sufficient as to everything mentioned in this ground of error.

The appellant's fourth ground of error is overruled.

 Although the jury returned an unauthorized verdict of robbery by firearms, the judgment correctly states that the conviction was for robbery by assault.

There being no reversible error, the judgment is affirmed.