James D. SAUNDERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 48762.

Court of Criminal Appeals of Texas.

July 2, 1974.

A. J. Hohman, Jr., San Antonio (Court-appointed), for appellant, on appeal only.

Ted Butler, Dist. Atty., Lucien Campbell and Josephine M. Hall, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for sale of marihuana. Trial was before the

court upon a plea of not guilty. Punishment was assessed at two years.

At the outset appellant contends that the court fundamentally erred in that it entered a judgment on an indictment which did not recite an offense for which a conviction may be found.

The pertinent portion of the indictment recites that appellant "on or about the 2nd day of April, 1973 did then and there unlawfully sell to James Rozar a narcotic drug, to wit: marihuana." Appellant points to the record where the court states, "He [appellant] enters a plea of not guilty to delivery of marijuana for remuneration. . . ." and, "The court will find the defendant guilty of delivering 1.6 grams of marijuana for remuneration in violation of Section 4.05(d) of the Texas Controlled Substances Act. . . ." Despite the court's oral pronouncement, the judgment in the record before us recites, "And the court having heard said plea, and having heard the evidence which was submitted and the argument of counsel, and having duly considered the same, finds that the defendant is guilty of a felony, to wit: *Sale of Narcotics, to wit: Marihuana,* as charged in the indictment. . . ." (Emphasis supplied.) The sentence shows that appellant "has been adjudged to be guilty of Sale of Narcotics, to wit: Marihuana."

■ The offense for which appellant was charged occurred before August 27, 1973, the effective date of the Controlled Substances Act. Section 6.01(a) of the Controlled Substances Act, Vernon's Ann. Civ.St., art. 4476–15, provides:

" . . . this Act applies only to offenses committed on and after its effective date, and a criminal action for an offense committed before this Act's effective date is governed by the law existing before the effective date, which law is continued in effect for this purpose, as if this Act were not in force." [1]

Thus, Article 725b, Vernon's Ann.P.C., was applicable to the instant case, and the indictment charging appellant with "sale of a narcotic drug, to wit: marihuana," properly charged appellant with an offense under said Article 725b, supra.

■ It appears that appellant, in urging that appellant was convicted for an offense other than that for which he was charged, is relying on the court's pronouncement from the bench rather than the judgment entered of record. Article 42.01, Vernon's Ann.C.C.P., provides, "A 'judgment' is the declaration of the court entered of record. . . . ." The judgment in the record before us shows to have been entered in the minutes of the court, and reflects that appellant was convicted of the offense charged in the indictment and said judgment meets all the requirements of Article 42.01, supra.

This case is analogous to Smith v. State, 468 S.W.2d 448, where this Court held that reversal was not required where the jury returned unauthorized verdict of robbery by firearms where court charged jury relative to law of robbery by assault and judgment correctly stated that conviction was for robbery by assault.

In the instant case appellant was charged by indictment with the law applicable at the time of the offense, appellant entered his plea to such indictment, and the judgment to which no objection was made reflects appellant was convicted of the offense charged in the indictment. We reject appellant's contention that the court entered a judgment for an offense for which a conviction could not be found.

■ What harm, if any, did the court's references to the inapplicable Controlled Substances Act cause? The court's references were to "delivering for remuneration." [2] "Delivery" under the Controlled

1. See also Articles 13, 15, 16, Vernon's Ann. P.C.

2. No motion was filed under Section 6.01(c), providing:

"In a criminal action pending, on appeal, or commenced on or after the effective date of this Act, for an offense committed before the effective date, the defendant, if adjudged guilty, shall be assessed punish-

Substances Act (Section 1.02(8)) is defined as "the actual or constructive transfer from one person to another of a controlled substance." Under Section 1(10) of Article 725b, supra, "sale" includes barter, exchange, or gift. Clearly the trial court referred to the *same criminal conduct* alleged in the indictment. As hereinafter noted, the evidence overwhelmingly supported the finding that appellant made a sale of marihuana. A delivery of marihuana for remuneration is a sale of the narcotic drug marihuana, and no distinction, real or apparent, can be made. Thus, appellant's argument that "sale of narcotics, to wit: marihuana" was not such conduct as would constitute an offense after the effective date of the Controlled Substances Act (trial was on October 1, 1973) under Section 6.01(b) is without merit.[3]

Under the foregoing circumstances, reversal is not required.

Appellant contends that evidence was insufficient to show that marihuana was delivered for remuneration in violation of Section 4.05(d) of the Texas Controlled Substances Act.

Appellant's contention is based on the premise that the instant case was tried under Texas Controlled Substances Act which was not applicable to this case.

■ As heretofore noted, sale is defined under Section 1(10), Article 725b, supra, to include "barter, exchange, or gift, or offer therefor." A sale is shown under such Article without evidence of a conversation regarding drugs or price. Holdaway v. State, Tex.Cr.App., 505 S.W.2d 262; Lewis v. State, Tex.Cr.App., 482 S.W.2d 177.

Even if this were not true, two officers testified as to the transfer of the marihuana and the receipt of money therefor by appellant. In addition, the testimony of appellant reflects:

> "MR. CAMPBELL [prosecutor]: I just want you to tell us whether the man gave you three or four dollars after you gave him the marihuana.
>
> "MR. SAUNDERS [appellant]: Yes sir, the best I recall, I believe he did."

No error is shown.

Appellant contends that there was insufficient evidence to show that the delivered substance was marihuana.

We find it necessary to pass on appellant's argument that the stipulation relative to the substance in question being marihuana was not before the court.

■ Appellant, testifying in his own behalf, admitted that the substance in question was marihuana. Thus, appellant's judicial confession was sufficient to sustain the court's finding with respect to this element of the offense. See Harper v. State, 148 Tex.Cr.R. 354, 187 S.W.2d 570.

■ Punishment of two years assessed in the instant case is not within the range of punishment set forth in Section 23(b), Article 725b, V.A.P.C. ("not less than five years nor more than life") for the sale of a narcotic drug. This error relates to punishment only. The court assessed the punishment. Accordingly, the punishment heretofore assessed is set aside, and the case is remanded to the trial court for proper punishment to be assessed by the

ment under this Act if he so elects by written motion filed with the trial court requesting that the court sentence him under the provisions of this Act."

3. The pertinent portion of Section 6.01(b) provides:
"Conduct constituting an offense under existing law that is no longer an offense

under this Act may not be prosecuted after the effective date of this Act. If, on the effective date of this Act, a criminal action is pending for conduct that does not constitute an offense under this Act, the action is dismissed on the effective date of this Act."

court[4] and the pronouncement of sentence, and further proceedings authorized by Article 40.09, V.A.C.C.P. See Elizalde v. State, Tex.Cr.App., 507 S.W.2d 749; Brumfield v. State, Tex.Cr.App., 445 S.W. 2d 732.

It is so ordered.

Opinion approved by the Court.

4. We have held herein that no distinction exists between the "sale of narcotics, to wit: marihuana" under Article 725b, V.A.P.C. and a delivery of marihuana for remuneration under Section 4.05(d) of the Controlled Substances Act. The trial was on October 1, 1973, after the August 27, 1973 effective date of the Controlled Substances Act. Therefore, appellant may, *if he so elects, under Section 6.01(c) of the Controlled Substances Act,* file his written motion with the trial court requesting that court assess his punishment under the provisions of such Act (under the penalty provisions for delivery of marihuana for remuneration).