Manuel S. RAMIREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 57350.

Court of Criminal Appeals of Texas, Panel No. 3.

May 16, 1979.

Rehearing En Banc Denied Oct. 17, 1979.

Ramon Ramos, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Judy Lynn Sanders, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for twenty-one counts of theft over $200 wherein punishment was assessed at 10 years and a $400 fine on each count. Appellant's sole ground of error is a claim of former jeopardy.

On January 13, 1977, appellant pled guilty before a jury to 21 counts of theft over $200. The jury was instructed to find appellant guilty of the offense and to assess his punishment at confinement within a range of not less than two nor more than ten years and a fine of up to $5,000 on each count. They were also instructed that probation may be recommended. A verdict was returned giving Ramirez *one* year imprisonment and a $400 fine on each count and recommending that he be placed on probation. On January 28, 1977, the State filed a motion for new trial pointing out that the sentence was below the minimum provided for that crime. On the same day the court, "on its own Motion," ordered a new trial stating that the new trial was ordered because the jury verdict in the prior trial was a nullity. At the commencement of the new trial appellant filed a plea of former conviction alleging that his prior conviction barred further prosecution on the offense. The plea was overruled. Appellant was tried before a jury which found him guilty and he was sentenced to 10 years' imprisonment and a $400 fine on each count.

■ The trial court had no authority to grant its own motion for new trial. A trial court may order a new trial under the provisions of Article 40.09, Sec. 12, V.A.C.C.P., but it has no authority to order a new trial

under this provision until its quasi-appellate jurisdiction has been invoked by the filing of a notice of appeal. See Art. 44.08, V.A.C.C.P. Article 40.06 allows the State to controvert "the motion for new trial" but there is no provision in the Code of Criminal Procedure for allowing the court or the State to initiate one. The motion for new trial is covered by Articles 40.01–40.08 and is the defendant's prerogative. Taking an appeal is also solely within the power of the defendant. The court was without authority to grant a new trial in this case since appellant had never filed a motion for new trial nor given notice of appeal.

■ The State points to *Cooper v. State,* Tex.Cr.App., 527 S.W.2d 898 as authority for the court's action. In that case the trial court assessed punishment lower than the minimum provided for by statute. He subsequently resentenced the defendant to a proper term and we affirmed, holding that he had acted within his authority. We have held that, where punishment was incorrectly set by the trial court, this Court need not order a reversal of the conviction on that ground but may remand for proper assessment of punishment. *Saunders v. State,* 511 S.W.2d 281. In *Miller v. State,* Tex.Cr.App., 472 S.W.2d 269, we held that a judge who had given an impermissible sentence on March 28, 1969, could properly resentence the defendant on August 14, 1970. There was no reason to remand for resentencing when the trial court had done all that would be ordered on remand. These procedures cannot, however, be followed when a jury has assessed the punishment. Once a jury hands down its verdict any changes in it must be with the jury's consent and before the jury's discharge. *Shappley v. State,* Tex.Cr.App., 520 S.W.2d 766; *Castro v. State,* 118 Tex.Cr.R. 53, 42 S.W.2d 779. In *Smith v. State,* Tex.Cr.App., 479 S.W.2d 680, the jury returned a verdict of one year in jail followed by a 12 month probation period. The judge dismissed the jury and began to sentence the defendant. Defendant's counsel objected to the improper verdict of imprisonment *and* probation so the

judge struck the probation from the verdict and sentenced the defendant to one year imprisonment. We reversed, stating:

"The verdict having been received by the court and entered of record, the court in its judgment and sentence was not entitled to change the verdict of the jury. The verdict having been void at its inception and the trial court not having the authority to change the same in doing so committed reversible error." Id. at 681.

In the instant case the trial court had no authority to alter the verdict once it had been accepted and the jury discharged. Thus, *Cooper v. State,* supra, is not applicable to the facts of this case.

■ However, appellant will not have been harmed by the trial court's actions unless the first conviction and sentence can be raised as a bar to further prosecution. When faced with a null and void conviction, a court may proceed with a trial as if the first trial had never been held. The defendant will raise a plea of former conviction in a special plea, Art. 27.05, V.A.C.C.P., and the trial court will rule on it. In the instant case appellant properly made his verified plea of former jeopardy when he was brought to trial the second time. It was overruled and is presently before this Court. Thus, if the former conviction was not valid and the plea of former conviction was properly overruled, appellant will not have suffered any harm by the trial court's improperly granting his own motion for new trial and proceeding to try appellant.

We must now address the question of whether or not the trial court properly overruled appellant's claim of prior conviction. If the sentence in the first trial assessing appellant's punishment below the statutory minimum makes that entire conviction void, then it cannot be used as a bar to further prosecution for the offense and the second trial, and the sentence resulting therefrom, will be allowed to stand.

The double jeopardy clause has its origin in the ancient common law principles of *autrefois convict* and *autrefois acquit.* These pleas could be raised to bar a trial at its inception if the defendant could prove

that he had already been convicted or acquitted of the same crime. This principle, Blackstone wrote, was a "universal maxim of the common law of England, that no man is to be brought into jeopardy of his life more than once for the same offense." 4 W. Blackstone, Commentaries 335–336. The Fifth Amendment of the U.S. Constitution parallels Blackstone's enunciation of the principle as does Article 1, Section 14 of the Texas Constitution, which states:

"No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."

Double jeopardy has come to mean other things as well, see *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), but it sprang from *autrefois convict* and *autrefois acquit* and requires, in the present case, that the first trial be invalid before the second trial can have effect.

This Court has held that a sentence below the minimum allowed by statute does not invalidate a conviction and that such a conviction will act as a bar to further prosecution for the same offense. *Billings v. State,* 92 Tex.Cr.R. 628, 245 S.W. 236; *Beasley v. State,* 84 Tex.Cr.R. 486, 208 S.W. 538. We must examine subsequent case law to determine if that holding has been overruled.

■ The State cites *Cooper v. State,* supra, as authority for the trial court's action in proceeding with a new trial. The case involved a defendant who, as in the instant case, was sentenced to a term below the statutory minimum, but there the similarity ends. The defendant in *Cooper* pled guilty to the court and had his punishment incorrectly assessed by the court—whereas at his first trial the appellant in the instant case pled to and was assessed punishment by a jury. We held in *Cooper* that the judge was acting within his authority when he resentenced the defendant to a proper term and that changing the "*unauthorized, void* punishment" (emphasis in original) did not present a double jeopardy problem. The trial judge could reassess punishment be-

cause he had assessed the original punishment. See *Miller v. State,* supra. The statement that there was no double jeopardy problem is explained by the fact that there was no need for a second trial. The primary thrust of the double jeopardy clause is the avoidance of multiple trials, *United States v. Wilson,* 420 U.S. 332, 346, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975),[1] and there is no need for a second trial when the trial court can correct its own mistakes. Correction of a similar mistake by a discharged jury can only be achieved by reversal and a new trial because no court can alter a discharged jury's verdict.[2]

The *Cooper* court did not say the entire conviction was void, but only that the punishment was void and could be altered by the trial court. This doctrine, which allows a trial court to alter its incorrect punishment either on its own or on remand, see *Miller* and *Saunders,* supra, can only mean that the conviction itself remains valid and unaffected by the incorrect punishment which can be subjected to judicial correction. The conviction remains in force and can support the new, judicially corrected punishment. If the conviction were completely voided by the incorrect sentence, then the whole case would have to be reversed and remanded for a new trial. If a conviction is not made invalid and a nullity by an incorrect sentence, then it must be in force and capable of sustaining a plea of former conviction so long as it is not reversed on appeal or set aside on attack by writ of habeas corpus.

In the present case the jury's verdict could not be altered once the jury was dismissed. *Shappley v. State, supra. Castro v. State, supra.* Had appellant appealed his first conviction, this Court would have reversed because of the improper punishment and remanded for a new trial. However, he did not appeal. The first trial

stands as a valid conviction and acts as a bar to the subsequent prosecution for the same offense. *Billings* and *Beasley,* supra.

The State leans heavily on *Ex parte Benfield,* Tex.Cr.App., 417 S.W.2d 812, for its claim that the first conviction is void *in toto.* In that case the defendant pled guilty before a judge and was sentenced to 5 years imprisonment where the maximum authorized sentence was 3 years. This Court held that the petitioner was entitled to discharge because of the incorrect sentence but suggested that he file a motion for rehearing to delay his release until he had served the maximum of three years in order to avoid being retried for the offense on release. There was language in the opinion that the conviction was void as well as the statement that the conviction would have been reversed and remanded on appeal. Pursuant to present practice, the case would have been remanded to the trial court for correction of the sentence. *Ex parte Hill,* 528 S.W.2d 125. The language in *Benfield* characterizing the conviction void as a whole no longer has effect. *Ex parte Hill, supra,* expressly overruled *Ex parte Erwin,* 145 Tex.Cr.R. 504, 170 S.W.2d 226, "and its offspring" of which *Benfield* was one. See also *Ex parte Murillo,* 528 S.W.2d 127.

In *Benard v. State,* Tex.Cr.App., 481 S.W.2d 427, 430, we stated that "[i]t is generally recognized that a void proceeding has no effect in support of a plea of former conviction." What the opinion meant by "void proceeding" can be gleaned from an examination of the authorities cited to support that statement, all of which stood for the principle that a conviction or acquittal in a court without jurisdiction is a nullity and will not support a plea of former conviction or acquittal. The opinion went on to say that a conviction obtained by fraud or collusion or obtained at the instigation of

---

1. In *Wilson,* the U.S. Supreme Court allowed the government to appeal from a post conviction decision by a federal trial court overturning the conviction. The court stated that overruling the trial court's decision would mean merely that the guilty verdict would be reinstated without subjecting the defendant to a

new trial and that the double jeopardy clause would not be offended by such a result.

2. A constitutionally mandated exception to this rule now exists where the evidence is insufficient to support the verdict. *Burks v. United States,* supra.

the defendant will not support a plea of former conviction. It cannot be said that the first trial here is a void proceeding under *Benard* as it was before a court of proper jurisdiction and there is no evidence of fraud or collusion.

The original conviction for theft over $200 is still an outstanding conviction which has not been overturned. The second trial and conviction for the same offense is a nullity and of no force and effect. The judgment and sentence imposed pursuant thereto are hereby set aside and the cause is remanded. Execution of the judgment rendered under the first conviction may be pursued in the trial court, as that conviction is not before us in this appeal.

## ON STATE'S MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING

DOUGLAS, Judge.

The original opinion still leaves us approving a punishment not authorized by law. In the first trial, a jury assessed punishment on each count at one year and a fine of $400, probated. The trial court later ordered a new trial. The second jury assessed a proper punishment. A one-year probated sentence for the offenses is not permitted under the Code.

The trial court should not have received the first verdict. Had appellant appealed, this Court would have had no choice but to reverse and remand for a new trial. *Ellison v. State*, 432 S.W.2d 955 (Tex.Cr.App.1968); *Brumfield v. State*, 445 S.W.2d 732 (Tex.Cr.App.1969). All the trial court did was what this Court would have been forced to do on appeal.

In *Miller v. State*, 472 S.W.2d 269 (Tex.Cr.App.1971), the trial court first sentenced the defendant to 99 years and, later, he assessed punishment at 40 years. This Court upheld that action stating that to remand would be "a useless act." "The trial judge had already done that which he would be expected to do on remand." Analogously, the trial judge here has done the same thing: granted a new trial when he would have had to do so on remand.

Leave to file a motion for rehearing should be granted.