Robert William **HERN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–92–00928–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 25, 1993.

---

K. Ming Roschke, College Station, for appellant.

Bill Turner, Kyle Davis, Asst. Dist. Attys., Brazos County, for appellee.

Before O'CONNOR, DUGGAN and HEDGES, JJ.

## OPINION

O'CONNOR, Justice.

This is an accelerated appeal from the denial of habeas corpus relief. We reverse.

On May 14, 1992, the State charged the appellant, Robert William Hern, by indictment with the offense of theft of a firearm

over $400. We shall refer to this as the first indictment.

On July 2, 1992, the appellant signed a plea agreement in which he agreed to plead guilty to the offense of "theft of firearm over $400 w/one enh." The State agreed to recommend punishment of 22–years confinement. To conform the plea agreement, the parties expected the State to amend the indictment to include an enhancement paragraph.

On July 8, 1992, the appellant signed a plea of guilty, waiver, stipulation, and judicial confession. This document reflects that the appellant was charged with a "felony of the 2nd degree w/1 enh paragraph." The range of punishment for a second-degree felony is not less than two years and not more than 20. TEX.PENAL CODE ANN. § 12.33(a) (Vernon 1974).

On July 9, 1992, the State re-indicted the appellant. The second indictment bore the same cause number as the first indictment, included the offense of theft of a firearm and, as the parties anticipated, added an enhancement paragraph. The State filed the second indictment with the clerk, but it was not included in the court's file and was not served on the appellant.

On July 10, 1992, the trial court accepted the appellant's plea of guilty. On that date, the court's file contained only the first indictment, dated May 14, 1992, which did not include an enhancement paragraph. At the hearing, the parties, by agreement, amended the appellant's plea documents by crossing out the reference to the enhancement paragraph and by the changing recommended punishment from 22 to 20 years. The trial court, in admonishing the appellant about the punishment range for the offense, told him it was a second-degree felony with a range of punishment of two to 20 years. The offense on the amended indictment was actually a third-degree felony. The court assessed punishment and sentenced the appellant to the recommended 20 years.

The State admits that the trial court's admonishment regarding the range of punishment for the offense was erroneous. Both parties acknowledge that the trial court's sentence of 20 years exceeds the range allowed by statute for a third-degree felony.

Theft of a firearm over $400, without an enhancement paragraph, is a third-degree felony, not, as the trial court admonished, a second-degree felony. TEX.PENAL CODE ANN. § 31.03(e)(4)(C) (Vernon Supp.1993). The punishment range for a third-degree felony is not less than two years and not more than 10 years. TEX.PENAL CODE ANN. § 12.34(a)(1) (Vernon Supp. 1993). With the enhancement paragraph, theft of a firearm would have been a second-degree felony. The recidivist statute provides, in part, "If it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second-degree felony." TEX.PENAL CODE ANN. § 12.42(a) (Vernon 1974).

On July 24, 1992, the trial court, on its own motion and over the objections of the appellant, granted a new trial. On August 11, 1992, the State re-indicted the appellant for the third time, this time with *four* enhancement paragraphs. The third indictment also bore the same cause number as the original indictment.

The appellant filed a special plea of double jeopardy, and the trial court conducted a hearing. At the hearing, the appellant testified he had been tried for the theft of a firearm over $400 and pled guilty to the charge; he stated that he did not want to be retried for the offense. The trial judge denied his application, stating:

> The Court takes judicial notice that the range of punishment was improper. The Court takes judicial notice that [neither] defense counsel nor State said anything to the Court at that time. Therefore, the Court finds that judgment is void from the very moment, and therefore, the reason the Court ordered a new trial was based on a void judgment. The Court denies your special plea of double jeopardy.

The appellant then filed this appeal.

In his sole point of error, the appellant alleges that the trial court erred in "denying application for writ of habeas corpus and allowing State to re-prosecute the

same theft for which appellant had already been convicted, sentenced and served part of the sentence in violation of the double jeopardy clause." The appellant contends that the mistake concerning the offense for which he was charged and the appropriate range of punishment pertains to punishment only and that he should not again be placed in jeopardy because of an inadvertent mistake for which he was not responsible. The State, however, contends that because the trial court administered an erroneous admonishment concerning punishment, the appellant's guilty plea was not voluntarily or knowingly made; therefore, the State concludes, the plea and conviction are void and a new trial is required. We disagree with the State.

■ Before accepting a plea of guilty, the trial court must admonish the defendant regarding, among other things, the range of punishment attached to the offense. TEX.CODE CRIM.P.ANN. art. 26.-13(a)(1) (Vernon 1989). The trial court need only substantially comply with the requirements of article 26.13. *Ex parte Smith,* 678 S.W.2d 78, 79 (Tex.Crim.App. 1984); *Richard v. State,* 788 S.W.2d 917, 920 (Tex.App.—Houston [1st Dist.] 1990, no pet.). When the trial court admonishes the defendant, substantial compliance is deemed, even if the admonishment is erroneous. *Smith,* 678 S.W.2d at 79. When a defendant makes a plea under an erroneous admonishment, it constitutes a prima facie showing that it was a knowing and voluntary plea. The burden then shifts to the defendant to show that he was misled or harmed by the faulty admonishment. *Id.; Richard,* 788 S.W.2d at 920.

■ In this case, the State has assumed the burden of challenging the voluntariness of the appellant's guilty plea, an unusual argument for the State. The State maintains that the defendant did not knowingly and voluntarily enter a plea of guilty because the trial court's admonishment on punishment was wrong. We cannot agree with the State. A guilty plea is not rendered involuntary simply because the trial court makes an erroneous admonishment.

In fact, the trial court's erroneous admonishment constitutes a prima facie showing that the appellant's guilty plea *was* knowing and voluntary. To present grounds for reversal, the State must show that the appellant was misled or harmed by the error. The appellant has never alleged that his plea was the product of a plea bargain to which he would not have agreed had he been correctly admonished. Thus, the State's contention that the appellant's plea was void is without merit.

■ We find it unnecessary, however, to entertain the appellant's claim of double jeopardy. We hold that the trial court lacked the authority to grant a new trial on its own motion.

■ A motion for new trial is the defendant's prerogative. *Ramirez v. State,* 587 S.W.2d 144, 145 (Tex.Crim.App.1979). A motion for new trial in a criminal case may be granted only on the timely motion of the defendant. A trial court has no authority to grant a new trial on its own motion. *Ex parte Ybarra,* 629 S.W.2d 943, 945 (Tex.Crim.App.1982); *see Zaragosa v. State,* 588 S.W.2d 322, 326–27 (Tex.Crim. App.1979) (after motion for new trial filed by the defendant was overruled by operation of law, trial court could not grant it).

In 1985, the Texas Legislature repealed provisions in the Code of Criminal Procedure governing post-trial appellate and review procedure, and delegated its rule-making authority to the Court of Criminal Appeals. The Texas Rules of Appellate Procedure adopted by the Court of Criminal Appeals became effective September 1, 1986. On that date, rules 30, 31 and 32 replaced the repealed provisions of the Code of Criminal Procedure governing new trials. Repealed article 40.01 [1] provided, "A 'new trial' is the rehearing of a criminal action, after verdict, before the judge or another jury." Rule 30(a), which incorporates the substance of article 40.01, provides, "A 'new trial' is the rehearing of a criminal action after a finding or verdict of guilt has been set aside *upon motion of an*

---

**1.** Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex.Gen.Laws 317, 484, *repealed by* Act of May 26, 1985, 69th Leg., R.S., ch. 685, 1985 Tex.Gen.Laws 2472, 2472–73.

**928**

*accused."* (Emphasis added.) Thus, under both case law and rule 30, it is clear that the trial court lacked authority to grant the appellant a new trial on its own motion.

Although the appellant did not object during trial to the punishment assessed by the trial court, he now asks this Court to remand this case for reassessment of punishment under the appropriate statute. We are aware that the parties intended that the appellant would plead guilty to an indictment containing the charged offense and one enhancement paragraph, that a 20–year sentence is the punishment to which the appellant agreed, and that a 20–year sentence would have been within the correct range of punishment for the charged offense and one enhancement paragraph. Due to someone's mistake, however, the appellant pled guilty to the original indictment, which contained no enhancement paragraph. The offense for which the appellant was convicted is a third-degree felony. The punishment the trial court assessed is clearly in excess of the punishment allowed by statute for the offense.

■■■ Regardless of the underlying mistake, the trial court did not have the authority to assess punishment of 20 years, because it exceeds the range in TEX.PENAL CODE ANN. § 12.34(a)(1) (Vernon Supp. 1993). *See Cooper v. State,* 527 S.W.2d 898, 899 (Tex.Crim.App.1975) (when court imposed four-year sentence when minimum was five years, the sentence was void and the court could re-sentence the defendant to the minimum sentence). The sentence is improper and void. *Ex parte Hill,* 528 S.W.2d 125, 126 (Tex.Crim.App.1975) (when trial court imposed five-year sentence when maximum was four years, the sentence was void and the court could re-sentence the defendant). The void sentence does not invalidate the conviction. *See Saunders v. State,* 511 S.W.2d 281, 283–84 (Tex.Crim. App.1974) (case remanded for imposition of proper sentence); *Thomas v. State,* 751 S.W.2d 601, 602 n. 1 (Tex.App.—Texarkana 1988, pet. ref'd). In cases where the trial court sets the punishment and the only error concerns the punishment, we need not order a reversal of the conviction, but may remand for proper assessment of punishment by the trial judge. *Hill,* 528

S.W.2d at 126; *Saunders,* 511 S.W.2d at 283–84. Relief from a void sentence is available by habeas corpus. *Hill,* 528 S.W.2d at 126.

We order the trial court to reinstate the original conviction and dismiss the pending prosecution for theft in Cause No. 21,282–361. We remand the case to the trial court for assessment of punishment in accordance with the appropriate statute.

