In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00109-CR


______________________________




LEE VERT SMITH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Bowie County, Texas


Trial Court No. 06F0743-005




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Lee Vert Smith attempts to appeal his conviction for aggravated sexual assault of a child. 
Smith entered into a plea agreement and was sentenced in accordance therewith to twenty-five years'
imprisonment. 

 The record contains a certification from the trial court that this "is a plea-bargain case, and
the defendant has NO right of appeal." See Tex. R. App. P. 25.2.

 Unless a certification, showing that a defendant has the right of appeal, is in the record, we
must dismiss the appeal. See Tex. R. App. P. 25.2(d). Because the trial court's certification
affirmatively shows Smith has no right of appeal, and because the record before us does not reflect
that the certification is incorrect, see Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005),
we must dismiss the appeal.

 Accordingly, we dismiss the appeal for want of jurisdiction.



 Jack Carter

 Justice


Date Submitted: June 12, 2008

Date Decided: June 13, 2008


Do Not Publish



ued  in  effect  for  that  purpose.] 
Id. § 1.18(a). The act further provided, "an offense is committed before the effective date of this
article if any element of the offense occurs before the effective date." Id.

 Criminal nonsupport is a continuing offense. See Belcher v. State, 962 S.W.2d 653, 656
(Tex. App.-Austin 1998, no pet.). Williams committed part of his nonsupport as far back as 1988,
and it continued until June 1, 2000. Thus, part of the offense occurred before September 1, 1994,
the effective date of the act. See Dickens v. State, 981 S.W.2d 186, 188 (Tex. Crim. App. 1998).

 Because an element of the offense of criminal nonsupport occurred before the effective date
of the act, Williams should have been sentenced under the former law, Act of May 24, 1973, 63rd
Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 922, 923 (amended 1987, 1993) (current version at
Tex. Pen. Code Ann. § 25.05). That law classified criminal nonsupport as either a class A
misdemeanor, which carried a punishment of a fine and/or confinement not to exceed one year, or
a third-degree felony, which carried a punishment of no less than two years' and no more than ten
years' confinement. Harvill v. State, 13 S.W.3d 478 (Tex. App.-Corpus Christi 2000, no pet.). The
trial court, however, sentenced Williams under the current version of the criminal nonsupport statute,
which classifies criminal nonsupport as a state jail felony and provides a range of punishment of not
less than 180 days' and no more than two years' confinement. See Tex. Pen. Code Ann. § 12.35
(Vernon 1994).

 A  sentence  unauthorized  by  law  is  fundamental  error,  rendering  the  sentence  void. 
See Ex parte Hill, 528 S.W.2d 125, 126 (Tex. Crim. App. 1975); Muse v. State, 815 S.W.2d 769, 773
(Tex. App.-Waco 1991, no pet.). The sentence imposed on Williams was unauthorized under the
applicable  version  of  the  criminal  nonsupport  statute.  See  Act  of  May  23,  1973,  63rd  Leg.,
R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 922, 923 (amended 1987, 1993). Accordingly, the sentence
is void. The void sentence, however, does not necessarily invalidate the conviction. See Saunders
v. State, 511 S.W.2d 281, 283-84 (Tex. Crim. App. 1974). Where the trial court sets the punishment
and the only error concerns the punishment, the conviction should not be reversed, but  the  cause
 should  be  remanded  to  the  trial  court  for  assessment  of  the  proper punishment. See Ex parte
Hill, 528 S.W.2d at 126; Saunders v. State, 511 S.W.2d at 283-84.


 The conviction is affirmed, but the sentence is voided. We remand the case to the trial court
for the setting of proper punishment.



 William J. Cornelius

 Chief Justice


Date Submitted: January 31, 2002

Date Decided: March 6, 2002


Publish
1. Public policy imposes an obligation on parents to support their children; thus, child support
payments are not considered a debt, but a legal duty. Ex parte McManus, 589 S.W.2d 790, 792 (Tex.
Civ. App.-Dallas 1979, orig. proceeding). Texas has also permitted imprisonment for failure to pay
child support, as well as the attorney's fees incurred while attempting to enforce support obligations,
because of the strong public policy in favor of a parent's duty to support his or her children. Tamez
v. Tamez, 822 S.W.2d 688, 691 (Tex. App.-Corpus Christi 1991, writ denied).