**Ex parte Don Lionel BROOKS.**

**No. 69727.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 23, 1986.

Merrilie W. Maull, Sugarland, for appellant.

Michael W. Campbell, Co. Atty. & John D. Kimbrough, Asst. Co. Atty., Oragne, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus transmitted to this Court pursuant to Article 11.07, V.A.C.C.P. The applicant was convicted of the offense of murder, punishment was assessed at thirty five years in the Texas Department of Corrections. On direct appeal the conviction was affirmed in an unpublished opinion. *Brooks v. State*, No. 09–84–00025–CR, delivered October 10, 1984 (Tex. App.—Beaumont).

Applicant contends that although an affirmative finding concerning the use or exhibition of a deadly weapon was not entered specifically in the judgment by the trial court pursuant to Article 42.12, Sec. 3f(a)(2), V.A.C.C.P.; calculation of applicant's parole eligibility date by the Texas Department of Corrections is being made according to the following portion of Article 42.12, Sec. 15(b), V.A.C.C.P.:[1]

"If a prisoner is serving a sentence for the offenses listed in Section 3f(a)(1) of this Article or if the judgment contains an affirmative finding under Section 3f(a)(2) of this Article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years."

A jury found the applicant guilty. Punishment was assessed by the trial court. The indictment alleged, inter alia, that applicant "did then and there intentionally and knowingly cause the death of an individual, . . ., by shooting him with a gun." The verdict of the jury was, "We, the jury, find the defendant, Don Lionel Brooks, guilty of murder by then and there intentionally or knowingly causing the death of an individual, . . ., by shooting him with a gun." After the assessment of punishment and the pronouncement of sentence, the trial court did not enter an af-

---

1. Applicant was convicted in 1984. Then the applicable provisions concerning an affirmative finding were Article 42.12, Sections 3f and 15.

Due to the 1985 amendments, the current provisions are Article 42.12, Section 3g, V.A.C.C.P. and Article 42.18, Section 8, V.A.C.C.P.

firmative finding in the judgment. A gun is not per se a deadly weapon. *Ex parte Grabow*, 705 S.W.2d 150 (Tex.Cr.App.1986). The trial court after considering the application for a writ of habeas corpus found he was without authority to grant the requested relief.

In *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App.1985) the methods for the proper making of an affirmative finding were delineated. In the instant cause none of those methods were utilized. The trial court has authority to make such a finding when he is the trier of fact at the punishment phase. *Fann v. State*, 702 S.W.2d 602 (Tex.Cr.App.1986). This procedure was not utilized either.

Applicant has included as an exhibit attached to his application a copy of the records from the Texas Department of Corrections showing the time calculations as to applicant's parole eligibility date. This record indicates that applicant's parole eligibility date is being calculated as if the judgment reflected the entry of an affirmative finding concerning the use or exhibition of a deadly weapon. The record from the Texas Department of Corrections denotes the offense for which applicant was convicted as "murder w/deadly wpn." It also reflects that Article 42.12, Sec. 15(b) is being applied since it shows that the time for applicant's parole eligibility date is calculated on "flat only." The offense of murder is not listed in Article 42.12, Section 3f(a)(1), V.A.C.C.P. as an offense which in itself causes a defendant's parole eligibility date to be calculated without the consideration of good conduct time.

In *Polk*, supra, it was stated that an affirmative finding is the trier of fact's *express* determination that a deadly weapon was actually used or exhibited during the commission of the offense. Article 42.-12, Sec. 3f(a)(2) also requires, "Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court." Such an affirmative finding is not a recitation of the offense in the judgment with the words "deadly weapon", "firearm used", or other similar phrases added to the offense for which a defendant is convicted. Nor is an affirmative finding made and *entered* when the judgment reflects the verdict of the jury and that verdict refers to a weapon.

In this cause it appears from the record that the Texas Department of Corrections is using the recitation of the verdict of the jury in the judgment as an affirmative finding. Although the jury's verdict as the trier of fact in certain circumstances may constitute an affirmative finding being made, *Polk*, supra; it is necessary for an affirmative finding to be entered separately and specifically in the judgment of the court by the trial court, Article 42.12, Sec. 3f(a)(2). If the trial court is the trier of fact at the punishment phase, then the affirmative finding should be made and entered as prescribed by *Fann*, supra.

As there was not an affirmative finding entered in the judgment in this cause, applicant is entitled to his requested relief. Applicant is entitled to have his parole eligibility date calculated by the Texas Department of Corrections without the effect of an affirmative finding. The Clerk of this Court shall cause a copy of this opinion to be delivered to the Texas Department of Corrections and the Board of Pardons and Paroles.