Kevin Eugene TUCKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–00–0252–CR.

Court of Appeals of Texas, Amarillo.

April 26, 2001.

Discretionary Review Refused Nov. 14, 2001.

Laura D. Hamilton, Amarillo, for appellant.

Rebecca King, District Attorney, Richard Martindale, Assistant District Attorney, Amarillo, for appellee.

Before BOYD, C.J., QUINN and REAVIS, JJ.

QUINN, Justice.

Kevin Eugene Tucker (appellant) appeals from a final judgment under which he was convicted of forging a financial instrument. Normally, a conviction for that offense would constitute a state jail felony. However, the State endeavored to enhance the penalty by including in the indictment and purporting to establish at trial that appellant had been convicted of a felony made manifest by a judgment containing an affirmative finding that a deadly weapon was used or exhibited. Through one point of error, appellant contends that the "State's evidence was legally and factually insufficient to prove that [his] prior felony conviction used to enhance his current charge contained an 'affirmative finding' of the use of a deadly weapon." We sustain the point, reverse the judgment, and remand the cause.

*Authority*

The standard of review applicable to allegations of legal and factual insufficiency are well-settled and need not be reiterated. We find it adequate to merely refer the litigants to *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *King v. State*, 29 S.W.3d 556, 562–563 (Tex.Crim.App.2000) for a discussion of same.

Next, penal statute dictates that "... an individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that ... the individual has previously been finally convicted of any felony ... for which the *judgment contains an affirmative finding* under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure." TEX. PEN.CODE ANN. § 12.35(c)(2)(B) (Vernon 1994) (emphasis supplied). Next, § 3g(a)(2) of art. 42.12, prohibits one from being granted community supervision

> when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited. On an affirmative finding under this subdivision, the trial court *shall enter the finding in the judgment* of the court ....

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3g(a)(2) (Vernon Supp.2001) (emphasis supplied).

■ In determining what constitutes an affirmative finding for purposes of § 3g(a)(2), our Court of Criminal Appeals took care to distinguish between a finding by the fact-finder that a deadly weapon was used and the inclusion of that finding by the court in its subsequent judgment. *See, e.g., Hooks v. State*, 860 S.W.2d 110,

113 (Tex.Crim.App.1993) (quoting *Ex parte Poe*, 751 S.W.2d 873, 875–76 (Tex.Crim. App.1988)). Both are needed to satisfy the terms of § 3g(a)(2). *Ex parte Poe*, 751 S.W.2d at 875–76. Thus, once the fact-finder determines that a deadly weapon was utilized or exhibited, it is encumbent upon the court to affirmatively express that finding in its judgment. Furthermore, the court must do so by something other than the mere "recitation of the offense in the judgment with the words 'deadly weapon', 'firearm used', or other similar phrases added to the offense...." *Ex parte Brooks*, 722 S.W.2d 140, 142 (Tex.Crim.App.1986) (*accord Ex parte Poe*, 751 S.W.2d at 876 (reiterating the statement in *Brooks* )). So too must it do more than simply reiterate in the judgment the jury's verdict even if that verdict mentions the use or exhibition of a deadly weapon. *Ex parte Brooks*, 722 S.W.2d at 142; *see Ex parte Poe*, 751 S.W.2d at 875 (holding that the court did not satisfy 3g(a)(2) by incorporating in its judgment the phrase " 'Murder, to-wit Handgun' "). Rather, a separate and specific finding expressly disclosing that a deadly weapon was so used or exhibited must be included in the decree. *Hooks v. State, supra; Ex parte Poe, supra; Ex parte Brooks, supra.*

That we discuss *Poe, Brooks,* and *Hooks*, is important given the wording of § 12.35(c)(2)(B) of the Penal Code. The latter provision speaks in terms of a *"judgment* contain[ing] an affirmative finding under Section 3g(a)(2)." (emphasis added). In so speaking, the provision focuses not on the existence of a fact-finder affirmatively finding that a deadly weapon was used or exhibited but on the explicit inclusion of the fact finding in the judgment. And, that being its focus, it effectively mirrors that portion of 3g(a)(2) also requiring inclusion of such a finding in the judgment. Consequently, *Poe, Brooks, Hooks* and their progeny provide guidance in determining when such a finding has satis-factorily been stated in the judgment not only for purposes of § 3g(a)(2) of the Code of Criminal Procedure but also § 12.35(c)(2)(B) of the Penal Code.

### Application of Authority

■ The only evidence of a "judgment contain[ing] an affirmative finding under Section 3g(a)(2)" at bar appears in appellant's confession and the pen pack admitted at trial. As to the former, appellant executed a judicial confession wherein he attested:

> I, defendant, state that I have read the indictment ... filed in this case and that I committed each and every allegation it contains. I am guilty of the offense alleged as well as all lesser included offenses. I swear to all the foregoing and I further swear that all testimony I give in this case will be the truth....

Furthermore, the indictment not only charged him with forging a check. It also contained the allegation that appellant was "finally convicted of the felony offense of Aggravated Battery (Deadly Weapon) in cause no. CRCR 91–1626/91–1628 of the Second Judicial District Court of Bernalillo County, New Mexico on the 27th day of August, 1997." So, through his confession, appellant not only admitted that he committed the crime charged in the indictment but also that he was previously convicted of "Aggravated Battery (Deadly Weapon)." Yet, neither the allegation nor anything else in the indictment mentions the existence of a judgment which contains a separate and specific affirmative finding that appellant used or exhibited a deadly weapon while committing the New Mexico crime. At most, the document describes the offense for which appellant was convicted and, in describing that offense, incorporates the parenthetical "(Deadly Weapon)." Yet, as we were told in *Brooks*, the mere recitation of the offense accompanied by the words "deadly weapon" does not constitute the inclusion in a

judgment of an affirmative finding concerning the use of a deadly weapon. *Ex parte Brooks,* 722 S.W.2d at 142. Thus, we are unable to hold that appellant's confession provided any evidence satisfying the requirement of § 12.35(c)(2)(B).

As to the pen pack, included therein are several documents containing the title "Order and Commitment" or some variation thereof. Like the State's indictment, each expresses that he was convicted of three counts of "Aggravated Battery (Deadly Weapon)." However, nowhere else in the documents is there a separate affirmation distinctly indicating that a deadly weapon was used or exhibited during the crime or anyone's flight therefrom. Furthermore, the holding in *Brooks* prevents us from deeming the phrase "Aggravated Battery (Deadly Weapon)" such an affirmative finding for purposes of § 12.35(c)(2)(B). Again, the mere recitation of the offense accompanied by the words "deadly weapon" is not enough. *Ex parte Brooks,* 722 S.W.2d at 142.

In sum, the record is replete with evidence that appellant committed an offense in New Mexico described as "Aggravated Battery (Deadly Weapon)." And, it is arguable that one could reasonably infer from the phrase that the fact-finder decided as a *matter of fact* that a deadly weapon was somehow involved in the crime. Yet, as per *Hooks, Poe, Brooks* and like precedent, there is a difference between the fact-finder determining that the accused used or exhibited a deadly weapon and the court including in the judgment an affirmative finding that a deadly weapon was used or exhibited. Furthermore, § 12.35(c)(2)(B) focuses upon the existence of a prior judgment containing an affirma-

tive finding that a deadly weapon was used or exhibited (as opposed to the fact-finder merely determining as a matter of fact that such a weapon was so involved), and no evidence of record established that the New Mexico decrees were of that ilk. So, we conclude that the evidence was and is legally insufficient to support the decision to enhance appellant's conviction from a state jail felony to a felony of the third degree.[1]

Accordingly, we reverse that portion of the judgment enhancing appellant's conviction to a third degree felony "pursuant to Sec. 12.35(c)(2)(B)" and remand the cause for a new punishment hearing.

---

1. In so concluding, we acknowledge that we act upon the hyper-technical. Yet, our decision is based upon precedent from the Court of Criminal Appeals. We would invite that court to reconsider the issue of whether phraseology like that included in the New Mexico decrees satisfies the requirements of both § 12.35(c)(2)(B) of the Penal Code and art. 42.12, § 3g(a)(2) of the Code of Criminal Procedure.