NO. 07-04-0227-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 10, 2005



______________________________




GLENDA JOHNS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. A13158-9808; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Glenda Johns perfected this appeal from the trial court's order revoking
community supervision and assessing punishment at ten years confinement and a $1,000
fine for aggravated assault. In presenting this appeal, counsel has filed an Anders (1) brief
in support of a motion to withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d
807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling
authorities, there is no error in the court's judgment. Counsel has also shown that he sent
a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal
is without merit. In addition, counsel has demonstrated that he notified appellant of her
right to review the record and file a pro se response if she desired to do so. Appellant did
not file a response. Neither did the State favor us with a brief.

 In 1998, appellant was convicted of aggravated assault and sentenced to ten years
confinement and a $1,000 fine, suspended for seven years. Following a motion to revoke 
in 2002, appellant was continued on community supervision. In April 2003, the State again
moved to revoke community supervision for seven violations. Following a hearing, the trial
court found that based on the testimony appellant had violated the terms of community
supervision, revoked community supervision, and assessed the original punishment.

 By the Anders brief, counsel advances four possible arguments, to-wit: (1) the trial
court erred in failing to disqualify itself; (2) the original judgment was void for placing
appellant on community supervision; (3) the evidence was factually insufficient to support
the revocation; and (4) trial counsel was ineffective. He then concludes that no reversible
error is presented.

 Counsel first argues potential error by the trial court in failing to disqualify itself. 
Article 30.01 of the Texas Code of Criminal Procedure provides that "[n]o judge or justice
of the peace shall sit in any case where he may be the party injured, or where he has been
of counsel for the State or the accused, or where the accused or the party injured may be
connected with him by consanguinity or affinity within the third degree, as determined under
Chapter 573, Government Code." See also Tex. Const. art. V, § 11 (Vernon 1993). When
a district judge is disqualified from hearing a criminal case, he is required to certify that fact
to the presiding judge of the administrative judicial district who is then required to assign
another judge to try the case. Tex. Code Crim. Proc. Ann. art. 30.02 (Vernon 1989). A
district judge who is disqualified from hearing a case may not himself assign the case to
another district court. Tex. Code Crim. Proc. Ann. art. 30.02 (Vernon 1989); Koll v. State,
143 Tex. Crim. 104, 157 S.W.2d 377 (1942).

 The grounds for disqualification set forth in section 30.01 of the Code and article V,
section 11 are not only mandatory, they are exclusive. Gamez v. State, 737 S.W.2d 315,
318 (Tex.Cr.App. 1987); Elam v. State, 841 S.W.2d 937, 939 (Tex.App.--Austin 1992, no
pet.). Further, disqualification of a judge may be raised at any time. Gamez, 737 S.W.2d
at 318.

 On January 3, 2004, Judge Kinkaid signed an order to transfer appellant's case from
the 64th District Court to the 242nd District Court of Hale County. The reason provided in
the order is "exchange of bench." Nothing in the record indicates any other ground for the
transfer. Section 24.303 of the Texas Government Code Annotated (Vernon 2004)
provides for transfer of cases and exchange of benches. We agree with counsel that the
record does not demonstrate reversible error by Judge Kinkaid in transferring the case and
that appellant may pursue this issue by a writ of habeas corpus. 

 By his second arguable point, counsel questions whether the trial court's judgment
convicting appellant of aggravated assault is void for placing her on community supervision. 
However, counsel concludes the judgment was not void and no reversible error is
presented. We agree.

 At the hearing on the motion to revoke, trial counsel orally moved to dismiss the
State's motion alleging the 1998 judgment placing appellant on community supervision was
void because she was convicted of aggravated assault which counsel believed to be a "3g
offense." (2) When appellant's sentence was suspended on September 30, 1998, aggravated
assault was not included, and still is not, in the list of offenses for which a judge may not
grant community supervision. (3) 

 Further, community supervision is not an option when the trier of fact affirmatively
finds that a defendant used a deadly weapon. Tex. Code Crim. Proc. Ann. art. 42.12, §
3g(a)(2) (Vernon Pamph. Supp. 2004-05). The 1998 judgment recites that appellant was
convicted of "AGG ASSLT W/DEADLY WEAPON." However, that portion of the judgment
providing for findings on use of a deadly weapon recites "NA." 

 It is well settled that the recitation of an offense accompanied by the words "deadly
weapon" does not constitute inclusion in a judgment of an affirmative finding on use of a
deadly weapon. Ex parte Hughes, 739 S.W.2d 869, 870-71 (Tex.Cr.App. 1987); Ex parte
Brooks, 722 S.W.2d 140, 142 (Tex.Cr.App. 1986); see also Tucker v. State, 61 S.W.3d
446, 447-49 (Tex.App.-Amarillo 2001, pet. ref'd). We conclude the 1998 judgment
convicting appellant of aggravated assault with a deadly weapon was not void because the
offense did not fall in the category of "3g offenses" and because the lack of an affirmative
finding on use of a deadly weapon excludes application of section 3g(a)(2). 

 Counsel's third arguable point is a challenge to the factual sufficiency of the
evidence to support the revocation. The sole question before us when reviewing revocation
of community supervision is whether the trial court abused its discretion. Cardona v. State,
665 S.W.2d 492, 493 (Tex.Cr.App. 1984). We determine the sufficiency of the evidence
by viewing it in the light most favorable to the trial court's ruling. Jones v. State, 589
S.W.2d 419, 421 (Tex.Cr.App. 1979). The State must prove by a preponderance of the
evidence that appellant violated a condition of community supervision as alleged in the
motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). Given the trial
court's broad discretion and the unique nature of a revocation hearing, the general
standards for reviewing factual sufficiency do not apply. Pierce v. State, 113 S.W.3d 431,
436 (Tex.App.-Texarkana 2003, pet. ref'd); Becker v. State, 33 S.W.3d 64, 66 (Tex.App.-El
Paso 2000, no pet.).

 Appellant plead not true to the State's allegations of seven violations of the
conditions of community supervision. Tara Hogan, appellant's community supervision
officer, testified that appellant violated the following conditions:

 report as directed;

 provide proof of employment and maintain suitable employment or provide
proof of disability and illness preventing her from working;

 remain in Hale County;

 report a change of address;

 make restitution payments;

 complete community service hours; and

 attend graduate equivalency diploma lab.


 Appellant's sister and her son testified to appellant's history of mental illness as a
mitigating circumstance for her failure to comply with the conditions of community
supervision and offered to assist her if community supervision was continued. Appellant's
mental status was evaluated several times and although she was suffering from a
depressive disorder that could be treated by medication, she was found competent to stand
trial each time. Viewing the evidence in the light most favorable to the trial court's ruling,
we conclude the trial court did not abuse its discretion in revoking her community
supervision. 

 By his final arguable point, counsel suggests ineffective assistance of counsel at the
revocation hearing for failing to present evidence of possible grounds for disqualification
of Judge Kinkaid, a request to disqualify Judge Self, and failure to request appointment of
an expert regarding appellant's mental status. 

 A claim of ineffective assistance of counsel is reviewed under the standard set out
in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). (4) Under
Strickland, a defendant must establish that (1) counsel's performance was deficient (i.e.,
fell below an objective standard of reasonableness), and (2) there is a reasonable
probability that but for counsel's deficient performance, the result of the proceeding would
have been different, a reasonable probability being a probability sufficient to undermine
confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003);
see also Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words,
appellant must demonstrate that the deficient performance prejudiced her defense. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Failure to make the required
showing of either deficient performance or sufficient prejudice defeats the ineffectiveness
claim. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), cert. denied, 514 U.S.
1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). 

 Any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9
S.W.3d 808, 813 (Tex.Cr.App. 1999). Generally, the record on direct appeal will not be
sufficient to show that counsel's conduct was so deficient as to meet the first prong of the
Strickland standard as the reasonableness of counsel's choices often involves facts that
do not appear in the record. See Mitchell, 68 S.W.2d at 642. 

 Counsel raises several acts of omission by trial counsel and concludes the record
is not developed for appellant to overcome the presumption of sound trial strategy and
demonstrate harm. We agree that the record before us does not demonstrate counsel's
performance at the revocation hearing was deficient. 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice

 

Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. Article 42.12, section 3g(a)(1) of the Texas Code of Criminal Procedure provides
a list of offenses for which community supervision is not available.
3. See Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.03, 1997 Tex. Gen. Laws
327, 438-39.
4. The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507,
516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its
decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).



; Moser v. Davis, 79 S.W.3d 162, 166 (Tex. App.–Amarillo
2002, no pet.). If no such evidence exists, we then determine whether the contrary
proposition was established as a matter of law. Dow Chemical Co. v. Francis, 46 S.W.3d
at 241. In turn, allegations of factual insufficiency require us to consider all of the
evidence; however, we cannot nullify the verdict unless it was so weak or so against the
great weight and preponderance of the evidence as to be clearly wrong and unjust. Id. at
242. 
          According to Burnwood, the jury should have found that Cagle breached that portion
of the lease requiring him to have liability insurance on the property. This is so because
the evidence was purportedly undisputed that he did not maintain such insurance. Yet,
perusal of the record shows otherwise. While Cagle stated, at one time, that he had no
such insurance, he also stated that he actually did. So too did he attempt to explain why
he initially indicated he had none. Other evidence illustrated that Burnwood uttered no
objection to the type of insurance he kept nor asserted that he was in breach until Watson
came to own Burnwood. 
          Additionally, Greg Thornton, a friend of Ray’s who sometimes assisted Ray with his
business, also testified not only that Cagle always maintained insurance but also that they
had no problem about it. Thornton also stated that Ray did not maintain insurance on the
building as required by the lease and that Ray had difficulty obtaining insurance because
of the condition of the roof. See Case Corp. v. Hi-Class Business Systems of America,
Inc., 184 S.W.3d 760, 770 (Tex. App.–Dallas 2005, pet. denied) (holding that one party to
a contract cannot interfere with another party’s ability to perform).
          The foregoing constitutes some evidence supporting the determination that Cagle
did not breach the lease by failing to maintain insurance. And while that evidence was
contradicted by other evidence, the situation merely created a credibility dispute for the jury
to resolve as fact finder. Given the manner in which it did, we cannot say that weak
evidence supported the decision or that the latter was so against the great weight of the
entire evidence as to be clearly wrong. 
 
 
          Issues 5, 6, 7, and 8 - Tortious Interference with Contract
          In its next four issues, Burnwood argues that the evidence is legally and factually
insufficient to support the jury finding that it tortiously interfered with Cagle’s agreement
with Byrd. We overrule them as well.
          Again, Burnwood mentioned only one ground in its motion for new trial. That ground
consisted of the allegation that Cagle could not prosecute a cause of action sounding in
tortious interference because he himself breached the lease. Moreover, the only alleged
breach alluded to concerned his purported failure to maintain liability insurance on the
premises. Thus, the other grounds now asserted were not preserved, though evidence of
record would nonetheless lead us to conclude that they too were meritless. 
          As for the ground that we can address, its viability depended upon Burnwood
successfully attacking that part of the verdict wherein Cagle was found not to have
breached the lease. Since Burnwood was unsuccessful in that matter, the current
allegation lacks basis. 
          Accordingly, we overrule all Burnwood’s issues and affirm the judgment. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice