# NOS. 12-11-00061-CR
# 12-11-00062-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MIRANDA PHILLIPS,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Miranda Phillips appeals her convictions for felony theft. In her sole issue, Appellant argues that the sentence imposed in each case is illegal and void. The State concedes error. We reverse and remand both cases for a new sentencing hearing.

### BACKGROUND

On March 25, 2010, Appellant was indicted for several offenses, two of which are relevant to this appeal. In the first case (appellate cause number 12-11-00061-CR), the indictment alleged that on December 16, 2010, Appellant committed "theft of a girl['s] outfit or a pair of jeans or a shirt or a baby outfit, of the value of less than $1,500.00, from Kerrie Shotwell" (the clothing theft). In the second case (appellate cause number 12-11-00062-CR), the indictment alleged that on October 12, 2009, Appellant committed theft of a television set with a value of less than $1,500.00 from Nevin Partain (the television theft).

The indictments for both offenses alleged that Appellant had been convicted of four prior thefts, and that Appellant had also been convicted of aggravated assault. These prior offenses, including the aggravated assault offense, were used to enhance Appellant's punishment.

1

Importantly, however, the judgment in the prior aggravated assault case does not contain an affirmative finding that Appellant used or exhibited a deadly weapon during the commission of that offense.

The judgments for the clothing theft and the television theft recite that Appellant waived a jury trial, pleaded guilty, and pleaded "true" to the enhancement paragraphs of the indictments. Based on her plea in each case, Appellant was also admonished that she faced a third degree felony with a range of punishment from two years to ten years of imprisonment. The trial court found her guilty of the thefts.

At the sentencing hearing, the State introduced records of Appellant's prior convictions and further referred to the conviction used for enhancement that is the subject of this appeal as follows:

> Your Honor, I think in the file itself[,] . . . I think in that file is a certified copy of the aggravated assault. That's the subject matter of one of the enhancements. And with that, that will be—that's the only evidence we have to offer at this point in time.

The judgments for both offenses recite that both offenses were third degree felonies. Appellant was sentenced to ten years of imprisonment for both offenses, to be served concurrently.

<u>**IMPROPER ENHANCEMENT**</u>

In her sole issue, Appellant argues that "fundamental error is presented in sentencing [her] to ten (10) years [of imprisonment] when the enhancement paragraph used to elevate the state jail felony did not qualify for that purpose." The State concedes error.

**Standard of Review**

A "void" or "illegal" sentence is one that is not authorized by law. *Ex parte Pena*, 71 S.W.3d 336, 336 n. 2 (Tex. Crim. App. 2002); *see Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996) (per curiam) (sentence of twenty-five years of imprisonment for offense for which maximum range of punishment was two years of imprisonment was illegal).

"A sentence unauthorized by law is fundamental error, rendering the sentence void." *Harvill v. State*, 13 S.W.3d 478, 482 (Tex. App.–Corpus Christi 2000, no pet.) (citing *Ex parte Hill*, 528 S.W.2d 125, 126 (Tex.Crim.App.1975) (sentence was void where trial court imposed

2

five year sentence and maximum authorized punishment was four years); **Muse v. State**, 815 S.W.2d 769, 773 (Tex. App.–Waco 1991, no pet.) (finding unauthorized sentence amounted to fundamental error because fixing of penalties is purely legislative function outside ambit of constitutional judicial authority)).

**Applicable Law**

When the value of the property stolen is under $1,500.00, and there are two or more prior convictions of theft, the offense is classified as a state jail felony. TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (Vernon 2011). State jail felonies ordinarily have a punishment range of 180 days to two years of confinement in a state jail. TEX. PENAL CODE ANN. § 12.35(a) (Vernon 2011).

As relevant here, the punishment range for a state jail felony is enhanced to the punishment range for a third degree felony if "the individual has previously been finally convicted of any felony . . . for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure." **Id.** § 12.35(c)(2)(B). In other words, the punishment level is enhanced if it is shown that the defendant was (1) previously convicted of a felony, and (2) an affirmative finding is made showing that the defendant used or exhibited a deadly weapon during the commission of or during immediate flight following the prior felony used to enhance the state jail felony, or was a party to the offense and knew that a deadly weapon would be used or exhibited. *See id.*; TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g (a)(2) (Vernon Supp. 2010).

In determining what constitutes an affirmative finding for purposes of Section 3g(a)(2), we distinguish between a finding by the fact finder that a deadly weapon was used, and separately, the inclusion of that finding by the trial court in its subsequent judgment. **Tucker v. State**, 61 S.W.3d 446, 447 (Tex. App.–Amarillo 2001, pet. ref'd). Both are needed to satisfy the requirements of Section 3g(a)(2). **Id.** at 448. Thus, once the fact finder determines that a deadly weapon was utilized or exhibited, the duty is then imparted to the trial court to affirmatively express that finding in its judgment. **Id.** A separate and specific finding expressly disclosing that a deadly weapon was so used or exhibited must be included in the judgment. **Id.** When the trial court is the fact finder though, it is discretionary whether to make an affirmative deadly weapon finding even when the evidence otherwise supports such a finding. *See* **Guerrero v. State**, 299 S.W.3d 487, 489-90 (Tex. App.–Amarillo 2009, no pet.). This is the rule because, for instance, an affirmative deadly weapon finding renders a defendant ineligible for court ordered community

3

supervision, and such a result may be unwarranted in a particular case in the court's discretion. *See **id.*** (holding trial court has discretion in making affirmative deadly weapon finding in written judgment because that affects defendant's parole computation date and court ordered community supervision eligibility); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 3, 3g (a)(2); ***Tucker***, 61 S.W.3d at 447. When the specific affirmative deadly weapon finding is absent from the trial court's judgment, that conviction cannot be used to enhance a subsequent conviction for a state jail felony to a third degree felony punishment level under Section 12.35(c)(2)(B) of the penal code. *See **Tucker***, 61 S.W.3d at 448-49.

**Discussion**

The trial court was the fact finder in Appellant's prior aggravated assault case. The State alleged that Appellant used a box cutter during the commission of that offense. The record shows that Appellant pleaded guilty to the aggravated assault offense and was placed on deferred adjudication community supervision for three years. As we noted above, the trial court could not have placed her on deferred adjudication community supervision if it had made an affirmative finding in its judgment that she used or exhibited a deadly weapon while committing the aggravated assault. Later, the State filed a motion to adjudicate Appellant's guilt on the aggravated assault charge, and the trial court found her guilty, revoked her community supervision, and sentenced her to three years of imprisonment.

After serving her term of imprisonment, Appellant was arrested for the instant thefts, among other offenses. The relevant enhancement paragraph in these theft indictments alleged that "on or about the 5th day of May, 2004, . . . [Appellant] was convicted of the felony offense of aggravated assault, the same being a felony listed in Section 3g(a)(2), Article 42.12, Code of Criminal Procedure. . . ." Thus, although the indictments did not specifically use the words "deadly weapon," they identified the relevant section number that triggered the Section 12.35 enhancement of a state jail felony to a third degree felony punishment level based on an affirmative deadly weapon finding.

In the instant theft cases, however, without an affirmative finding that a deadly weapon was used in the commission of the prior aggravated assault used to enhance Appellant's theft convictions, the trial court was without authority to enhance Appellant's penalty from a state jail felony to a third degree felony level under Section 12.35. *See **Tucker***, 61 S.W.3d at 448-49. Accordingly, Appellant's sentences are unauthorized, illegal, and void.

We note that Appellant pleaded "true" to the enhancement even though the sentences are void. However, Appellant is not bound by the plea under the circumstances of these cases, because the void sentences were not merely voidable and the error could not be waived. *See Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) (holding in an illegal sentence case that "[d]espite the general rule that a plea of true to an enhancement paragraph relieves the State of its burden to prove a prior conviction alleged for enhancement and forfeits the defendant's right to appeal the insufficiency of evidence to prove the prior conviction, there is an exception when 'the record affirmatively reflects' that the enhancement is itself improper.").

Finally, the void sentences do not necessarily invalidate the theft convictions. *See Saunders v. State*, 511 S.W.2d 281, 283-84 (Tex. Crim. App. 1974). Where the trial court sets the punishment and the only error concerns the punishment, we need not order a reversal of the judgment of conviction, but may remand for proper assessment of punishment by the trial court. *See Hill*, 528 S.W.2d at 126; *Saunders*, 511 S.W.2d at 283–84.

The State concedes, based on *Tucker* and Appellant's arguments, that harmful reversible error occurred and joins Appellant's request for a new sentencing hearing. We agree that harmful reversible error occurred. Accordingly, we sustain Appellant's sole issue.

## DISPOSITION

We *reverse* the trial court's judgments with respect to the punishments imposed in these cases and *remand* for a new sentencing hearing in each case. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp. 2010).

Opinion delivered August 10, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)