NOS.
12-11-00061-CR

     
12-11-00062-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MIRANDA
PHILLIPS,                                      §                 APPEAL FROM
THE 217TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 ANGELINA
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

     On
the court’s own motion, we withdraw our opinion issued on August 10, 2011, and
substitute the following opinion in its place.

Miranda
Phillips appeals her convictions for felony theft.  In her sole issue,
Appellant argues that the sentence imposed in each case is illegal and void. 
The State concedes error.  We reverse and remand both cases for a new
sentencing hearing.

 

Background

            On
March 25, 2010, Appellant was indicted for several offenses, two of which are
relevant to this appeal.  In the first case (appellate cause number
12-11-00061-CR), the indictment alleged that on December 16, 2010, Appellant
committed “theft of a girl[’s] outfit or a pair of jeans or a shirt or a baby
outfit, of the value of less than $1,500.00, from Kerrie Shotwell” (the clothing
theft).  In the second case (appellate cause number 12-11-00062-CR), the
indictment alleged that on October 12, 2009, Appellant committed theft of a
television set with a value of less than $1,500.00 from Nevin Partain (the
television theft).

The
indictments for both offenses alleged that Appellant had been convicted of four
prior thefts, and that Appellant had also been convicted of aggravated
assault.  These prior offenses, including the aggravated assault offense, were
used to enhance Appellant’s punishment.  Importantly, however, the judgment in
the prior aggravated assault case does not contain an affirmative finding that
Appellant used or exhibited a deadly weapon during the commission of that
offense.

The
judgments for the clothing theft and the television theft recite that Appellant
waived a jury trial, pleaded guilty, and pleaded “true” to the enhancement
paragraphs of the indictments.  Based on her plea in each case, Appellant was
also admonished that she faced a third degree felony with a range of punishment
from two years to ten years of imprisonment.  The trial court found her guilty
of the thefts.

At
the sentencing hearing, the State introduced records of Appellant’s prior
convictions and further referred to the conviction used for enhancement that is
the subject of this appeal as follows:

 

Your Honor, I
think in the file itself[,] . . . I think in that file is a certified copy of
the aggravated assault.  That’s the subject matter of one of the enhancements. 
And with that, that will be—that’s the only evidence we have to offer at this
point in time. 

 

 

The
judgments for both offenses recite that both offenses were third degree
felonies.  Appellant was sentenced to ten years of imprisonment for both
offenses, to be served concurrently.  

 

Improper
Enhancement

            In
her sole issue, Appellant argues that “fundamental error is presented in
sentencing [her] to ten (10) years [of imprisonment] when the enhancement
paragraph used to elevate the state jail felony did not qualify for that
purpose.”  The State concedes error.

Standard
of Review

A
“void” or “illegal” sentence is one that is not authorized by law.  Ex
parte Pena, 71 S.W.3d 336, 336 n. 2 (Tex. Crim. App. 2002); see Mizell
v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (“A sentence that
is outside the maximum or minimum range of punishment is unauthorized by law
and therefore illegal.”); Ex parte Beck, 922 S.W.2d 181, 182
(Tex. Crim. App. 1996) (per curiam) (sentence of twenty-five years of
imprisonment for offense for which maximum range of punishment was two years of
imprisonment was illegal).  

“A
sentence unauthorized by law is fundamental error, rendering the sentence
void.”  Harvill v. State, 13 S.W.3d 478, 482 (Tex. App.–Corpus
Christi 2000, no pet.) (citing Ex parte Hill, 528 S.W.2d 125, 126
(Tex.Crim.App.1975) (sentence was void where trial court imposed five year
sentence and maximum authorized punishment was four years); Muse v. State,
815 S.W.2d 769, 773 (Tex. App.–Waco 1991, no pet.) (finding unauthorized
sentence amounted to fundamental error because fixing of penalties is purely
legislative function outside ambit of constitutional judicial authority)). 

Applicable
Law

When
the value of the property stolen is under $1,500.00, and there are two or more
prior convictions of theft, the offense is classified as a state jail felony.  Tex. Penal Code Ann. § 31.03(e)(4)(D)
(Vernon 2011).  State jail felonies ordinarily have a punishment range of 180
days to two years of confinement in a state jail.  Tex. Penal Code Ann. § 12.35(a) (Vernon 2011). 

As
relevant here, the punishment range for a state jail felony is enhanced to the
punishment range for a third degree felony if “the individual has previously
been finally convicted of any felony . . . for which the judgment contains an
affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal
Procedure.”  Id. § 12.35(c)(2)(B).  In other words, the
punishment level is enhanced if it is shown that the defendant was (1)
previously convicted of a felony, and (2) an affirmative finding is made
showing that the defendant used or exhibited a deadly weapon during the
commission of or during immediate flight following the prior felony used to
enhance the state jail felony, or was a party to the offense and knew that a
deadly weapon would be used or exhibited.  See id.; Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3g (a)(2) (Vernon Supp. 2010).

In
determining what constitutes an affirmative finding for purposes of Section
3g(a)(2), we distinguish between a finding by the fact finder that a deadly
weapon was used, and separately, the inclusion of that finding by the trial
court in its subsequent judgment.  Tucker v. State, 61 S.W.3d
446, 447 (Tex. App.–Amarillo 2001, pet. ref’d).  Both are needed to satisfy the
requirements of Section 3g(a)(2).  Id. at 448.  Thus, once the
fact finder determines that a deadly weapon was utilized or exhibited, the duty
is then imparted to the trial court to affirmatively express that finding in
its judgment.  Id.  A separate and specific finding expressly
disclosing that a deadly weapon was so used or exhibited must be included in
the judgment.  Id.  When the trial court is the fact finder
though, it is discretionary whether to make an affirmative deadly weapon
finding even when the evidence otherwise supports such a finding.  See Guerrero
v. State, 299 S.W.3d 487, 489-90 (Tex. App.–Amarillo 2009, no pet.). 
This is the rule because, for instance, an affirmative deadly weapon finding
renders a defendant ineligible for court ordered community supervision, and
such a result may be unwarranted in a particular case in the court’s
discretion.  See id. (holding trial court has discretion in
making affirmative deadly weapon finding in written judgment because that
affects defendant’s parole computation date and court ordered community
supervision eligibility); see also Tex.
Code Crim. Proc. Ann. art. 42.12, §§ 3, 3g (a)(2); Tucker,
61 S.W.3d at 447.  When the specific affirmative deadly weapon finding is
absent from the trial court’s judgment, that conviction cannot be used to
enhance a subsequent conviction for a state jail felony to a third degree
felony punishment level under Section 12.35(c)(2)(B) of the penal code.  See
Tucker, 61 S.W.3d at 448-49.

Discussion

The
trial court was the fact finder in Appellant’s prior aggravated assault case. 
The State alleged that Appellant used a box cutter during the commission of
that offense.  The record shows that Appellant pleaded guilty to the aggravated
assault offense and was placed on deferred adjudication community supervision
for three years.  Later, the State filed a motion to adjudicate Appellant’s
guilt on the aggravated assault charge, and the trial court found her guilty,
revoked her community supervision, and sentenced her to three years of
imprisonment.

After
serving her term of imprisonment, Appellant was arrested for the instant
thefts, among other offenses.  The relevant enhancement paragraph in these
theft indictments alleged that “on or about the 5th day of May, 2004, . . .
[Appellant] was convicted of the felony offense of aggravated assault, the same
being a felony listed in Section 3g(a)(2), Article 42.12, Code of Criminal
Procedure. . . .”  Thus, although the indictments did not specifically use the
words “deadly weapon,” they identified the relevant section number that
triggered the Section 12.35 enhancement of a state jail felony to a third
degree felony punishment level based on an affirmative deadly weapon finding.

In
the instant theft cases, however, without an affirmative finding that a deadly
weapon was used in the commission of the prior aggravated assault used to
enhance Appellant’s theft convictions, the trial court was without authority to
enhance Appellant’s penalty from a state jail felony to a third degree felony
level under Section 12.35.  See Tucker, 61 S.W.3d at 448-49. 
Accordingly, Appellant’s sentences are unauthorized, illegal, and void.

We
note that Appellant pleaded “true” to the enhancement even though the sentences
are void.  However, Appellant is not bound by the plea under the circumstances
of these cases, because the void sentences were not merely voidable and the
error could not be waived.  See Ex parte Rich, 194 S.W.3d 508,
513 (Tex. Crim. App. 2006) (holding in an illegal sentence case that “[d]espite
the general rule that a plea of true to an enhancement paragraph relieves the
State of its burden to prove a prior conviction alleged for enhancement and
forfeits the defendant's right to appeal the insufficiency of evidence to prove
the prior conviction, there is an exception when ‘the record affirmatively
reflects’ that the enhancement is itself improper.”).

Finally,
the void sentences do not necessarily invalidate the theft convictions.  See
Saunders v. State, 511 S.W.2d 281, 283-84 (Tex. Crim. App.
1974).  Where the trial court sets the punishment and the only error concerns
the punishment, we need not order a reversal of the judgment of conviction, but
may remand for proper assessment of punishment by the trial court.  See Hill,
528 S.W.2d at 126; Saunders, 511 S.W.2d at 283–84.

The
State concedes, based on Tucker and Appellant’s arguments, that
harmful reversible error occurred and joins Appellant’s request for a new
sentencing hearing.  We agree that harmful reversible error occurred. 
Accordingly, we sustain Appellant’s sole issue.

 

Disposition

            We
reverse the trial court’s judgments with respect to the
punishments imposed in these cases and remand for a new
sentencing hearing in each case.  See Tex.
Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2010).

 

Opinion delivered August 17,
2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(DO NOT PUBLISH)