

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00143-CR

———————————————

ISAAC ANTHONY CASTRELLON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from 396th District Court
Tarrant County, Texas
Trial Court No. 1589127D

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Isaac Anthony Castrellon appeals his sentences of ten years' imprisonment[1] for the offenses of aggravated assault causing serious bodily injury, aggravated assault with a deadly weapon, and accident involving serious bodily injury. We will affirm.

## I. Background

In June 2019, Castrellon was indicted for (1) second-degree felony aggravated assault causing serious bodily injury (Count 1), (2) second-degree felony aggravated assault with a deadly weapon (Count 2), and (3) third-degree felony accident involving serious bodily injury (Count 3). The indictment also contained a separate deadly-weapon-finding-notice paragraph.[2]

In July 2021, the State offered Castrellon a plea bargain whereby he would receive six years' incarceration in exchange for a guilty plea. However, Castrellon rejected the State's offer.

In January 2022, after being admonished by the trial court, Castrellon pleaded guilty[3] to all three offenses and "true" to the indictment's deadly weapon allegation.

---

[1]As detailed below, these sentences are to run concurrently.

[2]This paragraph indicates that a "DEADLY WEAPON, NAMELY: A MOTOR VEHICLE" was used during the commission of or immediate flight from the offenses.

[3]Castrellon entered an "open plea"—that is, a guilty plea without the benefit of a plea agreement.

Although Count 3 is a third-degree felony with a punishment range of two to ten years and a fine not to exceed $10,000, the written admonishment form listed the punishment range for all three offenses as two to 20 years in prison and a fine not to exceed $10,000 (the punishment range applicable to second-degree felonies). Nevertheless, Castrellon signed the admonishment form, which contained a written waiver including acknowledgments that, among other things, Castrellon fully understood the trial court's admonishments and had no questions; he was aware of the consequences of his plea; and his plea was knowingly, freely, and voluntarily entered. The trial court acknowledged that the admonishments had been given, that Castrellon's plea was intelligently, freely, and voluntarily entered, and that the court was accepting Castrellon's guilty plea.

In July 2022, the trial court held a sentencing hearing. After receiving the presentence investigation report and hearing from Castrellon's three witnesses, the trial court sentenced Castrellon to ten years' imprisonment on each count, with the sentences to run concurrently. This appeal followed.

## II. Discussion

On appeal, Castrellon raises two points. First, he asserts that his guilty plea was involuntary because he was admonished for a second-degree felony punishment range for all three offenses but the third count with which he was charged—accident involving serious bodily injury—is actually a third-degree felony. Second, he contends that the deadly weapon findings in the trial court's judgments should be stricken

3

because they are not sufficiently specific and do not match the allegations in the indictment.

## A. Point One: The Trial Court's Incorrect Admonishment Did Not Render Castrellon's Guilty Plea Involuntary

In his first point, Castrellon argues that the trial court's failure to properly admonish him of the correct punishment range for Count 3 rendered his decision to enter a guilty plea unknowing and involuntary. This argument lacks merit.

Under Article 26.13 of the Texas Code of Criminal Procedure, a trial court must admonish a defendant of the punishment range attached to the offense before accepting the defendant's guilty plea. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1). The purpose of Article 26.13 is to ensure that only constitutionally valid pleas—those that are both knowing and voluntary—are entered by defendants and accepted by trial courts. *Meyers v. State*, 623 S.W.2d 397, 402–03 (Tex. Crim. App. [Panel Op.] 1981) (citing *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463 (1970)). An admonishment that substantially complies with Article 26.13 is sufficient and establishes a prima facie case that the defendant's plea was knowing and voluntary. *See* Tex. Code Crim. Proc. Ann. art. 26.13(c); *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).

The Court of Criminal Appeals has instructed us that when the record reflects that the trial court incorrectly admonished a defendant regarding the punishment range but assessed punishment within both the actual and misstated ranges, the admonishment substantially complies with Article 26.13. *Martinez*, 981 S.W.2d at 197;

4

*see Lemmons v. State*, 133 S.W.3d 751, 757 (Tex. App.—Fort Worth 2004, pet. ref'd). The burden then shifts to the defendant to affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed, such that the plea was rendered involuntary. *See Martinez*, 981 S.W.2d at 197 (interpreting Tex. Code Crim. Proc. Ann. art. 26.13(c)); *Lemmons*, 133 S.W.3d at 757. In other words, once substantial compliance is shown, "[a] defendant may still raise the claim that his plea was not voluntary; however, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm." *Martinez*, 981 S.W.2d at 197.

Here, the trial court substantially complied with Article 26.13(a)(1) because it assessed Castrellon's punishment within the actual and misstated ranges.[4] *See Martinez*, 981 S.W.2d at 197. Thus, to prevail on his first point, Castrellon must affirmatively show that, despite the trial court's substantial compliance, he was not aware of the consequences of his plea as it related to the correct punishment range for his offenses and was misled or harmed by the court's admonishment. *See* Tex. Code Crim. Proc. Ann. art. 26.13(c); *Lemmons*, 133 S.W.3d at 759. Castrellon has not met this burden.

---

[4]As noted above, the admonishment form incorrectly stated the punishment range as two to 20 years' imprisonment and a fine not to exceed $10,000—the range for second degree felonies—whereas the actual punishment range for Count 3—a third degree felony—was two to ten years' imprisonment and a fine not to exceed $10,000. *See* Tex. Penal Code Ann. §§ 12.33–12.34. Thus, the trial court's sentence of ten years' imprisonment falls within both the actual and misstated ranges.

In *Martinez*, the Court of Criminal Appeals held that because "[t]he only support in the record for appellant's contention that his plea was involuntary [was] the incorrect admonishment form," the appellant had not sustained his burden to show the involuntariness of his plea. *Martinez*, 981 S.W.2d at 197. The same is true here. Like the appellant in *Martinez*, Castrellon points to nothing in the appellate record except the incorrect admonishment form to indicate that he was actually harmed or misled in making his determination to enter a guilty plea. *See id.* Instead, he relies solely on the error in the admonishment form to show that his plea was involuntary. Accordingly, Castrellon has not satisfied his burden. *See id.*

We overrule Castrellon's first point.

## B. Point Two: The Deadly Weapon Findings in the Judgments Need Not Be Stricken

In his second point, Castrellon argues that the deadly weapon findings in the trial court's judgments should be stricken because they are not sufficiently specific and do not accurately reflect the deadly weapon allegations in the indictment. Specifically, Castrellon asserts that the recitation under the "Findings on Deadly Weapon" section of each judgment of "Yes, not a firearm" constitutes an inaccurate, non-specific deadly weapon finding. This argument is meritless.

If a defendant used or exhibited a deadly weapon during the commission of or the immediate flight from a felony offense, a deadly weapon finding may be entered on the judgment. Tex. Code Crim. Proc. Ann. arts. 42.01, § 1(21), 42A.054(b)–(c). A

deadly weapon finding must be specific and separate from the charged offense. *Ex parte Brooks*, 722 S.W.2d 140, 142 (Tex. Crim. App. 1986). Thus, "the judgment must contain something more than, for example, the mere 'recitation of the offense in the judgment with the words 'deadly weapon,' or 'firearm used,' or other similar phrases added to the offense for which the defendant is convicted.'" *Cobb v. State*, 95 S.W.3d 664, 667 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (quoting *Brooks*, 722 S.W.2d at 142). But a trial court's utilization of standard deadly weapon findings in pre-printed judgment forms may satisfy the requirements of specificity and separateness. *See id.* (holding that the standard Harris County affirmative deadly weapon finding—"Affirmative finding: deadly weapon: yes (circled)"—satisfied the requirements of separateness and specificity); *Polanco v. State*, 914 S.W.2d 269, 272 (Tex. App.—Beaumont 1996, pet ref'd) (holding pre-printed, fill-in-the-blank judgment containing "a pre-printed item: FINDING USE OF DEADLY WEAPON" next to which was typed "Affirmative Finding" satisfied the requirements of separateness and specificity). And a deadly weapon finding need not indicate the specific type of deadly weapon found unless it was a firearm. *See* Tex. Code Crim. Proc. Ann. art. 42A.054(d); *Hooks v. State*, 860 S.W.2d 110, 114 n.7 (Tex. Crim. App. 1993) (interpreting former Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (repealed 2017)).

Here, the trial court's judgments indicated its deadly weapon finding in two separate places. As noted above, the first page of each judgment contained a

7

recitation of "Yes, not a firearm" under the section labeled "Findings on Deadly Weapon." In addition, each judgment's second page contained a section for "special findings" under which the trial court noted "DEADLY WEAPON FINDING NOTICE – TRUE." These affirmative deadly weapon findings are specific and separate from the charged offense and therefore satisfy the requirements of articles 42.01 and 42A.054 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. arts. 42.01, § 1(21), 42A.054(b)–(c); *Brooks*, 722 S.W.2d at 142.

Castrellon suggests that the deadly weapon findings were inadequate because they did not specifically identify the type of deadly weapon reflected in the indictment—a motor vehicle. But because the deadly weapon associated with Castrellon's offense was not a firearm, the judgment need not specify that the deadly weapon was a motor vehicle. *See* Tex. Code Crim. Proc. Ann. art. 42A.054(d); *Hooks*, 860 S.W.2d at 114 n.7.

We overrule Castrellon's second point.

### III.  Conclusion

Having overruled both of Castrellon's points, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 23, 2023

8